IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-95-TAV-HBG |
| | ) | |
| DARRIEN E. DANIELS, and | ) | |
| TAYLOR E. MEADOWS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a telephone conference on July 31, 2019, on Defendant Daniels's Motion to Continue Trial [Doc. 22] and the Motion by Defendant Taylor Meadows to Adopt Motion to Continue Trial [Doc. 23], both filed on July 25, 2019. Assistant United States Attorney Brent Nelson Jones participated on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Daniels. Attorney Mark E. Brown represented Defendant Meadows.

Defendant Daniels asks to continue the August 20, 2019 trial date and other deadlines in this case because defense counsel needs additional time to complete his investigation and to advise the Defendant. The motion relates that the Defendant understands his right to a speedy trial and understands that the time between the filing of the motion and the new trial date will be excludable. The motion also relates that the Government does not oppose the request. Defendant Meadows asks to join in this motion.

During the telephone conference, Mr. Hutson stated that additional time is necessary to permit him to prepare properly. He noted that he is still reviewing the discovery and asked for a new motion deadline in three or four weeks. Mr. Hutson related that he has discussed the right to a speedy trial with Defendant Daniels, who agrees that all the time up to the new trial date is excludable. Mr. Brown stated that he has provided the discovery to Defendant Meadows and is scheduled to meet with her to review the discovery tomorrow. He stated that although Defendant Meadows agreed with the Motion to Adopt generally, he has not discussed the speedy trial implications with her. Mr. Brown offered to file the affidavit of Defendant Meadows stating her understanding of the need to continue the case and waiver of her speedy trial rights.

AUSA Jones said although the Government is ready for trial, it is not opposed to the motion to continue. He noted that this case involves a search and stated that defense counsels' need for additional time to explore that issue is understandable. The parties agreed on a new trial date of December 10, 2019.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that continuing the trial for four months is necessary in this case to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The Defendants are charged [Doc. 3] with conspiring to distribute fentanyl and heroin from January 1, 2018, to April 5, 2019, and with possessing firearms on April 5, 2019, in furtherance of a drug-trafficking crime. Defendant Daniels is also charged with being a felon in possession of a firearm on April 5, 2019. Defense counsel need time to complete their review of discovery, to confer with their clients on potential pretrial motions, to file and litigate pretrial motions, to interview witnesses, to investigate

the facts of the case, and to prepare for trial. The Court finds that requiring the Defendants to proceed to trial on the current trial date, which is in less than three weeks, would deprive counsel of the reasonable time necessary to prepare for trial effectively, even taking into account their acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the joint,[1] unopposed motion to continue the trial [**Doc. 22**] is **GRANTED**, and the trial of this matter is reset to **December 10, 2019**. The Court finds that all the time between the filing of the Motion to Continue Trial on July 25, 2019, and the new trial date of December 10, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **August 23, 2019**. Responses to motions are due on or before **September 6, 2019**. If any motions are filed that require a hearing, Chambers will contact the parties to schedule a motion hearing. The parties are to appear before the undersigned for a pretrial conference on **November 19, 2019, at 10:30 a.m.** This date is also the plea deadline and the deadline for disclosing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 20, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 25, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Daniels's Motion to Continue Trial [**Doc. 22**] is **GRANTED**. Defendant Meadows's motion [**Doc. 23**] to join in this motion is also **GRANTED**;

(2) The trial of this case is reset to commence on **December 10, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

---

[1] Defendant Meadows's motion [**Doc. 23**] to join in the Motion to Continue Trial is **GRANTED**.

3

(3) All time between the filing of the motions on **July 25, 2019**, and the new trial date of **December 10, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **August 23, 2019**;

(5) Responses to motions are due on or before **September 6, 2019**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **November 19, 2019, at 10:30 a.m.**;

(7) All motions *in limine* must be filed no later than **November 20, 2019**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **November 25, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

                ENTER:

                _____
                United States Magistrate Judge