```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TENNESSEE
                    AT KNOXVILLE, TENNESSEE
_____
                                      )
UNITED STATES OF AMERICA,             )
                                      )
         Government,                  )
                                      )
vs.                                   )   Case No. 3:19-CR-95
                                      )
DARRIEN E. DANIELS,                   )
                                      )
         Defendant.                   )
                                      )
_____)


                      SENTENCING HEARING
             BEFORE THE HONORABLE THOMAS A. VARLAN

                      December 3, 2020
                        11:01 a.m.



APPEARANCES:


             ON BEHALF OF THE GOVERNMENT:

             BRENT NELSON JONES
             U.S. Department of Justice
             Office of U.S. Attorney
             800 Market Street, Suite 211
             Knoxville, TN  37902


             ON BEHALF OF THE DEFENDANT:

             BOBBY E. HUTSON, JR.
             Federal Defender Services of Eastern Tennessee, Inc.
             800 S. Gay Street, Ste. 2400
             Knoxville, TN  37929
```

1    (Proceedings commenced at 11:01 a.m.)

2    THE COURTROOM DEPUTY:  All rise.  The United States

3 District Court for the Eastern District of Tennessee is now open

4 pursuant to adjournment, the Honorable Thomas A. Varlan, United

5 States District Judge presiding.  Please come to order and be

6 seated.

7    THE COURT:  All right.  Thank you.  Good morning,

8 everyone.  Let's call up the case, please.

9    THE COURTROOM DEPUTY:  Criminal action 3:19-CR-95,

10 United States of America versus Darrien Daniels.  Mr. Brent

11 Jones is present by video.  Is the government present and ready

12 to proceed?

13    MR. JONES:  Yes, Your Honor.  Good morning.

14    THE COURTROOM DEPUTY:  And Mr. Bobby Hutson is present

15 by video for the defendant.  Is the defendant present and ready

16 to proceed?

17    MR. HUTSON:  We are present and ready.  Good

18 morning.

19    THE COURT:  All right.  Good morning, everyone.  We

20 are here for imposition of judgment and sentence in this case.

21 We're proceeding pursuant to the CARES Act and this Court's

22 Standing Order Number 20-14 via video teleconference.

23    First of all, Mr. Daniels, can you see and hear

24 everyone who's participating this morning?

25    THE DEFENDANT:  Yes, sir.

1        THE COURT:  Mr. Hutson, have you discussed with

2   Mr. Daniels his right to be present in person at this hearing

3   and I believe the waiver of his right to be present and consent

4   to appear via video teleconference?

5        MR. HUTSON:  Good morning, Your Honor.  I have, Your

6   Honor, and we did execute that waiver.

7        THE COURT:  All right.  Thank you.  And to confirm

8   with you, Mr. Daniels, you understand you're waiving your right

9   to be present in person at your sentencing today and consenting

10  to appear via video teleconference; is that correct?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Okay.  The Court would also note that

13  pursuant to the CARES Act, this sentencing may be conducted via

14  video teleconference where the Court finds the sentencing cannot

15  be further delayed without serious harm to the interests of

16  justice.  Based upon the Court's review of the parties' plea

17  agreement and the record in this case, the Court would find that

18  the sentencing cannot be further delayed without serious harm to

19  the interests of justice.  Accordingly and pursuant to the CARES

20  Act, we will proceed via video teleconference.

21       Mr. Daniels, on December '18, 2019, you pled guilty to

22  Count 1 of the indictment in this case charging you with

23  conspiracy to distribute and possess with intent to distribute

24  40 grams or more of fentanyl and a quantity of heroin in

25  violation of 21 United States Code §§ 846, 841(a)(1), (b)(1)(B),

and (b)(1)(C).  Do you understand the offense described in Count
1 requires a sentence of a mandatory minimum term of
imprisonment of five years up to 40 years, a maximum fine of 5
million dollars, supervised release of at least four years to
life, forfeiture, and a $100 special assessment?

THE DEFENDANT:  Yes.

THE COURT:  All right.  You also pled guilty to Count
2 of the indictment charging you with possession of firearms in
furtherance of a drug-trafficking crime in violation of 18
United States Code § 924(c)(1)(A).  Do you understand the
offense described in Count 2 requires a minimum term of
imprisonment of five years to run consecutive with any other, of
the other offenses in the indictment, a supervised release of up
to five years, and a fine of up to $250,000, forfeiture, and a
$100 special assessment?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Daniels, have you received and had the
opportunity to read and discuss the presentence report in this
case with your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  And Mr. Hutson, have you received the
presentence report and reviewed it with Mr. Daniels?

MR. HUTSON:  I have, Your Honor.

THE COURT:  And to confirm with you, Mr. Hutson, does
the defendant have any objections to the report?

1        MR. HUTSON:  We have no objections, Your Honor.

2        THE COURT:  Thank you.  Mr. Jones, have you received

3   the presentence report?

4        MR. JONES:  Yes, Your Honor, we have.

5        THE COURT:  And does the government have any

6   objections?

7        MR. JONES:  No objections, Your Honor.

8        THE COURT:  Thank you.  Does the government have a

9   motion for a third level of acceptance of responsibility

10  pursuant to Sentencing Guideline §3E1.1(b)?

11       MR. JONES:  Yes, Your Honor, we do.

12       THE COURT:  Without objection, that motion will be

13  granted.  The Court has the parties' sentencing memoranda.  The

14  government it appears is recommending a statutory mandatory

15  minimum of 120 months.  I think the defendant concurs in that,

16  but anything further from the government as it relates to

17  sentencing?

18       MR. JONES:  No, Your Honor.  Thank you.

19       THE COURT:  Mr. Hutson, anything further you'd like to

20  add on defendant's behalf as it relates to sentencing?

21       MR. HUTSON:  Your Honor, we do rest on our pleading in

22  this case.  The sentencing is fairly straight forward given the

23  mandatory minimum sentences here.  I would ask the Court to

24  recommend him for Lexington, and I spoke to Mr. Jones this

25  morning about paragraph 36 which is a straight, a state

probation matter.  We would request that this sentence run
concurrently to that case.  Mr. Daniels is doing a significant
term of imprisonment, and I'm not sure what will happen with
that state probation case.  It may just go away on its own, but
we would ask that this case run concurrently to Docket Number
101876 big A and 100512 out of Knox County, Tennessee, and it's
my understanding the government has no opposition to that
request.

THE COURT:  All right.  Thank you.  Mr. Jones, is that
accurate?

MR. JONES:  That is accurate, Your Honor.

THE COURT:  Okay.  All right.  Unless there's anything
further from counsel then, counsel appear to be in agreement as
to what the sentence should be in this case.  Mr. Daniels, if
there's anything you'd like to say on your own behalf before
sentence is imposed.

THE DEFENDANT:  I just want to apologize for my
actions, to the city, and it's very stressful.  I apologize for
my actions.

THE COURT:  Okay.  Well, the Court appreciates those
comments.  Let's go ahead and proceed forward with sentencing.

Specifically and in a manner intended to comply with
the Sixth Circuit's jurisprudence since the *Booker* case rendered
the sentencing guidelines advisory and *Gall v. United States*'
requirement that the Court make an individual assessment based

1 on the facts presented and adequately explain the chosen
2 sentence, the Court will explain its reasons for the sentence to
3 be imposed in this case.

4         As we discussed, given the mandatory minimums in this
5 case and as reflected in paragraph 63 of the presentence report,
6 the effective guideline range in this case is 120 months.

7         Looking at the § 3553 factors, the nature and
8 circumstances of the offense, the defendant's offense conduct is
9 outlined beginning with paragraph 10 of the presentence report
10 where it's noted in early 2019, a confidential informant
11 assisted law enforcement in conducting two controlled buys of
12 heroin from the defendant; after which a search warrant was
13 executed at his residence at which were found approximately 49
14 grams of suspected heroin, scales, multiple cell phones, U.S.
15 currency, and multiple firearms and ammunition which the
16 defendant admits possessing in furtherance of his
17 drug-trafficking business.  And the parties agree as reflected
18 in paragraph 13 that while participating in the conspiracy, the
19 defendant personally distributed or possessed with intent to
20 distribute within the Eastern District of Tennessee a mixture
21 and substance containing a combination of heroin and fentanyl
22 that included at least 40 grams but less than 160 grams of a
23 detectable amount of fentanyl.

24         With respect to the defendant's history and
25 characteristics, I believe he is currently 29 years of age.  As

1  noted in the presentence report and his sentencing memorandum,

2  he's lived in East Tennessee for approximately the last six

3  years, has four children.  Three of them live in East Tennessee.

4  He notes support from his parents and brother during this

5  process.  He's a high school graduate and states that he wished

6  to pursue vocational training while in custody as well as

7  accepting responsibility for his offense conduct.

8          Defendant reports no history of mental health issues.

9  He has some medical ailments as reflected in the presentence

10 report.  He states some drug experimentation in the past but no

11 positive test for illegal substances, does not, states he does

12 not need drug treatment while incarcerated.

13         He graduated from high school in Detroit, Michigan, in

14 2009 and has some previous employment, particularly as a

15 self-employed landscaper as reflected in paragraph 59 of the

16 presentence report.

17         With this background in mind, the Court considers the

18 need for the sentence imposed to reflect various factors

19 including the seriousness of the offense.  Given the nature of

20 the drugs involved, given the defendant's offense conduct, and

21 given certainly the firearm involved and the risk of injury to

22 others in that regard, the Court does believe defendant's

23 offense conduct is serious.

24         The Court considers the need to promote respect for

25 the law and provide just punishment.  Again, considering his

offense conduct, also considering his previous criminal history
as outlined in the presentence report including possession of
marijuana and cocaine, facilitation of the sale of heroin
resulting ultimately in four criminal history points and a
criminal history category of III.

The Court also considers the defendant's acceptance of
responsibility as stated for his conduct. For all the same
reasons, the Court considers the need for specific and general
deterrence as well as to protect the public from further crimes
of the defendant as well as to provide the defendant with
training, education, and medical treatment. The Court does
believe the defendant would benefit from and would encourage him
to take advantage of educational and particularly vocational
training opportunities that would be afforded to him by the
Bureau of Prisons, and while it does not appear the defendant
has had substance abuse issues in the past, given the nature of
his offense conduct and given his, some use of illegal drugs
which this Court believes particularly the period of supervised
release it appropriate to recommend participation in a program
for testing and/ or treatment for drugs and/ or alcohol. In
doing so, the Court is not intending to and is not imposing or
lengthening the defendant's prison sentence to enable him to
complete a treatment program or otherwise promote
rehabilitation.

Pursuant to the parties' plea agreement, the

1  government agreed to dismiss Count 3 of the indictment in

2  consideration of the defendant's guilty plea.  And pursuant to

3  the plea agreement, the Court, which the Court will accept,

4  Count 3 will be dismissed as to this defendant, and the

5  dismissal of that count will be reflected in the judgment; the

6  Court finding the remaining charge, Counts, the remaining

7  charges, Counts 1 and 2 adequately reflect the seriousness of

8  the actual offense behavior and that accepting the agreement

9  will not undermine the statutory purposes of sentencing or the

10  sentencing guidelines.

11       In light of everything discussed including the

12  guideline range and the relevant § 3553 factors, the Court will

13  impose a sentence of 120 months.  For all the reasons discussed,

14  the Court finds this sentence to be sufficient but not greater

15  than necessary to comply with the purposes of 18 United States

16  Code § 3553.

17       Let me ask, double check here maybe with Ms. Latham.

18  Is there a mandatory minimum five-year supervised release or is

19  it four years?  I guess the guideline provision is four years;

20  is that correct?

21       MS. LATHAM:  Yes, Your Honor.  I'm double checking.  I

22  do believe that's correct.  Let's see.  On Count 2, it's two to

23  five.  On Count 1, it's four to five.

24       THE COURT:  Well, thank you for that.  The Court will

25  impose a term of supervised release of four years with all the

1  standard conditions as well as the special conditions of

2  supervision in paragraph 74, namely, testing or treatment for

3  drugs or alcohol and submission to searches upon reasonable

4  suspicion of violation of the conditions of defendant's

5  supervision.  The Court finding these special conditions to be

6  reasonably related to the several sentencing factors discussed

7  by the Court to involve no greater deprivation of liberty than

8  reasonably necessary for those several sentencing purposes and

9  to be consistent with pertinent policy statements issued by the

10  sentencing commission.

11       The defendant has also requested that the sentence in

12  this case be imposed to run concurrent to pending probation

13  violations in Knox County criminal court Docket Number 100512

14  and 101876A.  Those don't appear to be directly involved but

15  certainly do involve drug-related offenses as well, and given

16  the Court's review, given the government's lack of opposition,

17  given the Court's recognition of its discretion, the Court will

18  impose the sentence for the instant offense to run concurrent to

19  any sentence arising from the sentence imposed due to those

20  violations in Knox County criminal court.

21       Accordingly and pursuant to the Sentencing Reform Act

22  of 1984, it is the judgment of the Court as to Counts 1 and 2 of

23  the indictment that the defendant is hereby committed to the

24  custody of the Bureau of Prisons for a term of imprisonment of

25  120 months.  This term consists of 60 months as to Count 1 and

1  60 months as to Count 2 to be served consecutively.

2  Upon release from imprisonment, you shall be placed on

3  supervised release for a term of four years as to each of Counts

4  1 and 2 to be served concurrently.  While on supervised release,

5  you shall not commit another federal, state, or local crime.

6  You must not unlawfully possess and must refrain from use of

7  controlled substances.  You must comply with the standard

8  conditions adopted by this Court in Local Rule 83.10.  In

9  particular, you must not own, possess, or have access to a

10  firearm, ammunition, destructive device, or dangerous weapon.

11  You shall cooperate in the collection of DNA as directed by the

12  probation officer.  In addition, you shall comply with the

13  special conditions of supervised release as previously

14  reiterated by the Court.

15  Title 18 U.S.C. §§ 3565(b) and 3583(g) require a

16  mandatory revocation of supervised release for possession of a

17  controlled substance, ammunition, or firearms or for refusal to

18  comply with drug testing.

19  Pursuant to Title 18 § 3013, you shall pay a special

20  assessment fee in the amount of $200 which shall be due

21  immediately.  The Court finds you do not have the ability to pay

22  a fine and will waive the fine in this case.

23  Again, the plea agreement is accepted, and Count 3 is

24  dismissed as to this defendant.

25  Pursuant to Rule 32 of the Federal Rules of Criminal

1 Procedure, the Court advises you may have the right to appeal

2 this sentence imposed in this case. A notice of appeal must be

3 filed within 14 days of entry of judgment. If you request and

4 so desire, the clerk of the court can prepare and file the

5 notice of appeal for you.

6 It's further ordered you be remanded to the custody of

7 the attorney general pending designation by the Bureau of

8 Prisons with the Court including a, the requested designation

9 recommendation of the Lexington, Kentucky, federal prison

10 facility.

11 Mr. Jones, does the government have any objection to

12 the sentence just pronounced that has not previously been

13 raised?

14 MR. JONES: No, Your Honor. Thank you.

15 THE COURT: Mr. Hutson, does the defendant have any

16 objection to the sentence just pronounced that has not

17 previously been raised?

18 MR. HUTSON: No, Your Honor. Thank you.

19 THE COURT: Anything further on defendant's behalf?

20 MR. HUTSON: No, Your Honor. Thank you very much.

21 THE COURT: Anything further from the government?

22 MR. JONES: No, Your Honor. Thank you.

23 THE COURT: All right. Thank you. That concludes the

24 sentencing. Mr. Daniels, you understand everything that went on

25 this morning I take it?

1     THE DEFENDANT:  Yes, sir.

2     THE COURT:  Okay.  Then that will conclude the

3 sentencing, and we'll stand in recess.

4     THE COURTROOM DEPUTY:  This honorable court stands in

5 recess until 1:30.

6     (Proceedings concluded at 11:17 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                     C E R T I F I C A T E

 2

 3    STATE OF TENNESSEE  )

 4    COUNTY OF KNOX  )

 5             I, Kara L. Nagorny, RPR, RMR, CRR, do hereby certify

 6    that I reported in stenographic machine shorthand the above

 7    proceedings; that the foregoing pages were transcribed under my

 8    personal supervision and with computer-aided transcription

 9    software and constitute a true and accurate record of the

10    proceedings.

11             I further certify that I am not an attorney or counsel

12    of any of the parties nor an employee or relative of any

13    attorney or counsel connected with the action nor financially

14    interested in the action.

15             Transcript completed and dated this 26th day of

16    August, 2021.

17

18

19

20    _____
                    Kara L. Nagorny

21                   Kara L. Nagorny, RPR, RMR, CRR
                     United States District Court Reporter
22                   P.O. Box 1121
                     Knoxville, TN  37901
23                   (865) 264-9628

24

25
```